IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARNET MUSE,                                        :        CIVIL ACTION
                                                    :
              v.                                    :
                                                    :
TRANS UNION LLC,                                    :        NO. 07-3277

## MEMORANDUM & ORDER

AND NOW, this 18th day of August, 2008, IT IS HEREBY ORDERED that Trans
Union's motion for reconsideration (Dkt. # 27) is DENIED.

Trans Union makes two arguments in its motion for reconsideration: 1) the Court
misapprehended the record regarding the March payment and the assessment of late fees; and 2)
Citibank was entitled to deposit plaintiff's check and refuse to give her credit for her payment for
ninety days under U.C.C. § 3-311(c)(2).

1)  The plaintiff is the non-moving party and all facts must be viewed in the light most
favorable to her on summary judgment.  Therefore, I must accept that she sent her payment on
March 11, 2002, the date indicated on her check, and that when Citibank *deposited* her check on
Monday, March 18, 2002, it had *received* that check on or before the Friday, March 15, 2002,
due date.  Plaintiff has therefore provided facts that viewed in her favor show that she paid her
March bill on time and in full.

2) Under the UCC, Citibank could refuse to accept plaintiff's payment as "payment in
full" if it repaid the plaintiff her $41.32 within ninety days of March 18, 2002.  However, Trans
Union has not previously argued that Citibank's failure to credit plaintiff's account was because
it was exercising its right to refuse the check as payment in full and they have likewise failed to
provide any evidence that Citibank ever repaid the plaintiff.  Regardless of whether Citibank

"accepted" plaintiff's payment, there is no doubt that for the purpose of summary judgment

payment was deposited by Citibank on March 18, 2002 and was not credited to plaintiff's

account prior to the first date on which Citibank can be said to have initiated any type of

collection effort.

BY THE COURT:


 /s/ J. William Ditter, Jr._____
J. WILLIAM DITTER, JR., S.J.